**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDRE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 3305 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| SERGEANT WILLIAM SCHIELD #946, OFFICER JOHN DOE, OFFICER JACK POE, OFFICER JEFF ROE, and THE CITY OF CHICAGO, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues Sergeant William Schield, three unknown City of Chicago police officers, and the City of Chicago for their alleged violations of his constitutional rights, conspiracy, and assault and battery. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants in part and denies in part the motion.

**Local Rule 56.1**

Local Rule 56.1 requires the party moving for summary judgment to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." LR 56.1(a)(3). It requires the party opposing the motion to respond to each fact asserted in the movant's statement and, in the case of any disagreement, include "specific references to the affidavits, parts of the record, and other supporting materials" upon which the opposing party relies. LR 56.1(b)(3)(B). The opposing party may also file "a statement . . . of any additional facts that require the denial of summary judgment." LR

56.1(b)(3)(C). If it does so, the moving party must respond to each fact asserted in the statement and, in the case of any disagreement, include "specific references to the affidavits, parts of the record, and other supporting materials" upon which the movant relies. LR 56.1(a)(3). If any party fails to follow the dictates of the Local Rule with respect to the other party's fact statement, he is deemed to have admitted the facts asserted by the other party. LR 56.1(a)(3), (b)(3)(C).

Plaintiff disagreed with several of the facts asserted by defendants in their Local Rule 56.1(a) Statement, but he did not cite any evidence in support of those disagreements. (*See* Pl.'s Answers Defs.' Rule 56.1(a) Stmt. ¶¶ 17-18, 21, 26.) Defendants did not respond at all to plaintiff's Local Rule 56.1 Statement of Additional Facts. Accordingly, each party is deemed to have admitted all of the properly-supported facts asserted in the other party's fact statement.

## Facts

On February 16, 2012, plaintiff, who is a community activist, learned that someone had been shot at the Auto Zone at 64th Street and South Martin Luther King Drive. (Defs.' LR 56.1(a) Stmt. ¶¶ 10-11.) Plaintiff immediately went to the crime scene, where ten to twenty police officers and a large crowd of civilians were gathered. (*Id.* ¶ 15.)

Plaintiff stood with the bystanders across from the Auto Zone on the west side of South Martin Luther King Drive, until defendant Schield told the crowd to leave. (*Id.* ¶¶ 16-17; Pl.'s LR 56.1(a) Stmt. ¶ 4.) Then, plaintiff says, he started walking away from the crime scene, towards 63th Street; defendants say plaintiff started walking toward the crime scene. (Pl.'s LR 56.1(a) Stmt. ¶ 6; Defs.' LR 56.1(a) Stmt. ¶ 17.) As plaintiff started to cross Martin Luther King Drive, Schield approached him. (Pl.'s LR 56.1(a) Stmt. ¶ 8; Defs.' LR 56.1(a) Stmt. ¶ 18.) Defendants say Schield

told plaintiff to leave the area; plaintiff says Schield "yelled obscenities at him, called him the 'N' word and threatened to arrest him." (Defs.' LR 56.1(a) Stmt. ¶ 18; Pl.'s LR 56.1(a) Stmt. ¶ 8.) Regardless, the parties agree that plaintiff stopped, looked at Schield, and then continued walking, either away from or toward the crime scene. (Defs.' LR 56.1(a) Stmt. ¶ 18; Pl.'s LR 56.1(a) Stmt. ¶ 9.) Schield then told unidentified police officers to arrest plaintiff. (Defs.' LR 56.1(a) Stmt. ¶ 19; Pl.'s LR 56.1(a) Stmt. ¶ 10.)

Three unidentified officers grabbed plaintiff and slammed him onto the hood of a squad car. (Pl.'s LR 56.1(a) Stmt. ¶ 14.) As an unidentified officer started to handcuff plaintiff, plaintiff tossed his cell phone to a friend and told him to call Police Commander Fletcher. (*Id.* ¶¶ 16-17.) Schield saw the officers approach plaintiff but then turned his attention to the crowd, so he did not see the handcuffing. (Defs.' LR 56.1(a) Stmt. ¶ 21.) After plaintiff was in handcuffs, Schield told an unidentified officer to put him in Schield's car. (Pl.'s LR 56.1(a) Stmt. ¶ 19.) Plaintiff stayed in the car for about forty minutes until Commander Fletcher arrived and told Schield to release him. (*Id.* ¶¶ 22, 24; Defs.' LR 56.1(a) Stmt. ¶ 24.)

**Discussion**

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a

3

whole establishes that no reasonable jury could find for the non-moving party. *Id.*

**The Unidentified Officers**

In Counts I-VII, plaintiff asserts § 1983 claims for excessive force, false arrest, failure to intervene, race discrimination, and conspiracy and in Counts VIII and IX, he asserts state-law claims against the unidentified officers for assault and battery and conspiracy. Because, however, plaintiff never identified or served these defendants, the Court dismisses them from this suit.[1]

**Sergeant Schield**

In Counts II and III plaintiff alleges that Schield falsely arrested him or caused the unidentified officers to do so in violation of plaintiff's constitutional rights. To defeat Schield's motion on this claim, plaintiff must offer evidence that suggests Schield arrested plaintiff, or caused, authorized, or otherwise knowingly allowed plaintiff to be arrested, without probable cause. *See Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010) ("To prevail on a claim of false arrest, the plaintiff must show there was no probable cause for his arrest."); *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988) (a supervisor can be held liable under § 1983 for his subordinates' conduct if he "know[s] about [it] and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye [to it]"). "Probable cause exists if an officer reasonably believes, in light of the facts known to him at the time, that a suspect had committed or was committing an offense." *Jackson,* 627 F.3d at 638-39 (quotation and alteration omitted). Defendants say Schield had probable cause to arrest plaintiff for

---

[1]Plaintiff argues that the claims should not be dismissed because they are "closely related" to other claims in this suit. (*See* Pl.'s Mem. Law Resp. Defs.' Mot. Summ. J. at 4-6.) He does not, however, cite any cases for this proposition, and the Court is aware of none.

4

resisting or obstructing a peace officer because he refused to leave the crime scene when Schield told him to do so. *See* 720 Ill. Comp. Stat. 5/31-1(a) ("A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer, firefighter, or correctional institution employee of any authorized act within his or her official capacity commits a Class A misdemeanor."). Viewed favorably to plaintiff, however, the record suggests that he was walking away from, not toward, the crime scene when he was arrested. (*See* Pl.'s LR 56.1(a) Stmt. ¶ 27.) Thus, the record does not establish that Schield had probable cause, or arguable probable cause, to arrest plaintiff or have him arrested. *See Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998) (if there was no probable cause but "a reasonable officer [in defendant's position] could have mistakenly believed that probable cause existed," defendant is entitled to qualified immunity on a false arrest claim). The Court therefore denies Schield's motion for summary judgment on Counts II and III.

In Count IV, plaintiff alleges that Schield has supervisory liability, *see Jones, supra*, for the unidentified officers' use of excessive force, and in Count VI, he alleges that Schield is liable for failing to intervene to stop it. Schield, however, says he "did not see the officers actually place handcuffs on plaintiff because he redirected his attention to the crowd for about half a minute to a minute." (Defs.' LR 56.1(a) Stmt. ¶ 21.) Thus, he claims, he "only saw [the] officers approach Plaintiff to put handcuffs on him," and later saw "Plaintiff with handcuffs already on." (*Id.*) Plaintiff does not dispute that Schield turned away but says he did so deliberately to avoid seeing the officers' unconstitutional conduct, an inference that is supported by: (1) Schield's use of a racial epithet; (2) the fact that Schield was only ten feet away from where plaintiff was handcuffed; and (3) the noise attending plaintiff's arrest, including the sound of him hitting the hood of the police

5

car and his instruction to his friend to call Commander Fletcher. (Pl.'s LR 56.1(a) Stmt. ¶¶ 8, 14, 17.) This evidence, though not overwhelming, is sufficient to support the inference plaintiff urges. Accordingly, the Court denies Schield's motion for summary judgment on Count IV.

In Count V, plaintiff asserts a so-called "class of one" equal protection claim. To defeat Schield's motion on this claim, plaintiff must offer evidence that Schield "'intentionally treated [plaintiff] differently from others similarly situated and . . . there is no rational basis for the difference in treatment.'" *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Viewed favorably to plaintiff, the record shows that there were two to three hundred people in the street near the crime scene, plaintiff was obeying Schield's instruction to disperse, plaintiff was arrested, and "no one else from the large crowd was handcuffed or arrested." (Pl.'s LR 56.1(a) Stmt. ¶¶ 27-28; Defs.' LR 56.1(a) ¶ 19.) These facts create a triable fact issue on plaintiff's "class of one" claim.

The record also creates a fact issue as to a "traditional" equal protection claim; that is, a claim that plaintiff was arrested because he is African American. Viewed favorably to plaintiff, the record shows that Schield "called him the 'N' word" and told the other officers to arrest him when plaintiff was walking away from the crime scene and no similarly-situated non-African-American was arrested. (Pl.'s LR 56.1(a) Stmt. ¶¶ 8-11; Defs.' LR 56.1(a) ¶ 19.) Because these facts suggest that Schield caused plaintiff to be arrested because of his race, the Court denies Schield's motion for summary judgment on Count V.

In Counts VII and IX, plaintiff seeks to hold Schield liable for conspiracy under § 1983 and state law, respectively. To prevail on these claims, plaintiff must prove that Schield and the unidentified officers made an agreement to violate plaintiff's constitutional rights and commit torts

6

against him. *See Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988); *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994). The record contains no evidence from which such an agreement can be inferred. Accordingly, the Court grants Schield's motion for summary judgment on Counts VII and IX.

In Count X, plaintiff seeks to hold the City liable for Schield and the unidentified officers' allegedly unconstitutional and tortious conduct through the doctrine of respondeat superior. That doctrine does not, however, apply to municipalities under § 1983. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Rather, the City can be held liable only if the alleged constitutional injury is the result of one of its policies or customs, *id.* at 694, and there is no evidence that it was. Moreover, the City cannot be held liable for the unidentified officers' alleged torts because the officers are not liable. *See* 745 Ill. Comp. Stat. 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."). Thus, the Court grants the City's motion for summary judgment on Count X.

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion for summary judgment. The motion is granted as to: (1) all claims asserted against the unidentified officers, who are dismissed from this suit; (2) the Count VII and IX conspiracy claims; (3) and the Count X respondeat superior claim asserted against the City, which is dismissed from this suit. The only claims remaining in this suit are the false arrest, supervisory liability, equal protection, and failure to intervene claims asserted against Schield in Counts II-VI. This case is set for a status hearing on March 17, 2016 at 9:30 a.m.

**SO ORDERED.**  **ENTERED: March 4, 2016**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**